UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BORGWARNER DIVERSIFIED TRANSMISSION PRODUCTS, INC., <br> Plaintiff, <br><br> vs. <br><br> UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL NO. 287 and GERALD POOR, individually and as the representative of a defendant class, <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | 1:06-cv-058-LJM-WTL |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on Defendants', United Automobile, Aerospace, and Agricultural Implement Workers of America, Local No. 287 (the "Union") and Gerald Poor ("Mr. Poor") (collectively, "Defendants"), Motion to Dismiss. Plaintiff, BorgWarner Diversified Transmission Products, Inc. ("BorgWarner"), filed its Complaint seeking declaratory relief under § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, and § 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185, that it is permitted to amend its benefit plans to reduce the level of benefits provided to retirees in the proposed Defendant Class. Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") and also request that this Court exercise its discretion to abstain from hearing this case. The parties have fully briefed this matter and it is now ripe for ruling.

For the reasons stated herein, Defendants' motion is **DENIED**.

## I. **BACKGROUND**

For purposes of this motion, the Court accepts as true the well-pleaded factual allegations from the Complaint. BorgWarner is a Delaware corporation with its principal place of business located in Muncie, Indiana. Comp., ¶ 2. BorgWarner and the Union, whose principal offices are also located in Muncie, negotiated various collective bargaining agreements ("CBAs") under which retirees and their surviving spouses and dependents can receive medical benefits. *Id.*, ¶¶ 3, 11. BorgWarner provides medical coverage to retirees and their dependents through an ERISA plan. *Id.*, ¶¶ 7-8. BorgWarner asserts that it is the plan administrator and plan sponsor, and therefore a fiduciary of the ERISA plan. *Id.*, ¶ 9.

On January 10, 2006, BorgWarner notified both its post-1989 retirees and representatives of the Union that it would be amending the ERISA plan to modify the retirees' medical plans. *Id.*, ¶¶ 12-13. The retirees were notified by mail and the representatives of the Union were notified at an in-person meeting in Muncie. *Id.* Beginning at the meeting with Union representatives and continuing thereafter, the Union accused BorgWarner of breaching its contractual obligations to the post-1989 retirees and threatened to file suit to enjoin BorgWarner from implementing the ERISA plan amendments. *Id.*, ¶ 14.

Mr. Poor is a resident of Muncie who retired from BorgWarner in 1999 and has been represented in collected bargaining by the Union. Comp., ¶ 4. He serves as the Union's retiree group president. *Id.* On January 12, 2006, on behalf of both himself and the retirees, Mr. Poor notified BorgWarner that the retirees planned to fight the ERISA plan amendments in court. *Id.*, ¶ 15. BorgWarner has named him as the representative for a proposed class of defendants that allegedly consists of at least 1200 individuals. *Id.*, ¶ 18.

BorgWarner filed this suit on January 13, 2006. It contends that it has a right to modify or terminate the ERISA plan as it pertains to the retirees under the terms of the CBAs. *Id.*, ¶ 16. BorgWarner seeks a judicial imprimatur for its decision to modify the ERISA plan via a declaration that it has not breached its obligations under the CBAs. *Id.*, ¶¶26-27.

Subsequently, a "mirror image" suit was filed on February 27, 2006, by a group of retirees in the Eastern District of Michigan under the caption *Sloan v. BorgWarner Diversified Transmission Products, Inc.*, Cause No. 2:06-cv-10861-PDB-MKM. BorgWarner has filed a motion to transfer that case to this Court. A review of the docket for that case reveals that a hearing on that motion is scheduled for May 30, 2006.

## II. STANDARD FOR RULE 12(b)(1) MOTION TO DISMISS

In essence, the standard for a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as the standard for a 12(b)(6) motion to dismiss. *See Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. *See* 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004). When ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them. *See Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994). Dismissal is appropriate only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). This standard means that if any set

of facts, even hypothesized facts, could be proven consistent with the complaint, then the complaint must not be dismissed. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc*., 40 F.3d 247, 251 (7th Cir. 1995). However, the Court need not ignore facts set out in the complaint that undermine a plaintiff's claims, *see Homeyer v. Stanley Tulchin Assoc*., 91 F.3d 959, 961 (7th Cir. 1996) (*citing Am. Nurses' Ass'n v. State of Illinois*, 783 F.2d 716, 724 (7th Cir. 1986)), nor is the Court required to accept a plaintiff's legal conclusions. *See Reed v.. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996); *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988).

### III. DISCUSSION

#### A. SUBJECT MATTER JURISDICTION

Defendants first argument in support of their Motion to Dismiss is that the Court lacks subject matter jurisdiction over BorgWarner's claim for declaratory relief pursuant to § 502 of ERISA.[1] More specifically, Defendants contend that dismissal is appropriate because BorgWarner is not one of the entities that is expressly authorized under § 502(a)(1) to bring suit and because BorgWarner is not attempting to enforce ERISA's provisions or the terms of BorgWarner's ERISA plan under § 502(a)(3).

Turning to the language of the statute, it is apparent that BorgWarner cannot assert an action under § 502(a)(1) because it is neither a participant nor a beneficiary. Similarly, the plain language of § 502(a)(3) also suggests that it is inapplicable. That subsection permits fiduciaries to file an action under certain circumstances; however, even if the Court accepts BorgWarner's assertion that

---

[1] Defendants make no argument with respect to § 301 of LMRA.

it is a fiduciary,[2] BorgWarner would still be unable to establish jurisdiction under ERISA based on this subsection. BorgWarner is not seeking to enjoin any act or practice which allegedly violates any provision of ERISA or the terms of its ERISA plan. Further, BorgWarner cannot establish jurisdiction under § 502(a)(3)(B)(ii). An action "to enforce" means an action to compel someone to do something or not to do something that ERISA or the plan requires be done or not done. *See, e.g., Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520, 1523 (11th Cir. 1987) (citing *Carpenter Amended & Restated Health Benefit Fund v. Ryan Constr. Co.*, 767 F.2d 1170 (5th Cir. 1985)). Here, BorgWarner is not seeking to "enforce" anything. Instead, it is seeking a declaration that it is free to modify its plan as it pertains to the retirees.

While the plain language of § 502 itself does not provide support for subject matter jurisdiction over BorgWarner's claims, BorgWarner nonetheless contends that jurisdiction is proper under the Declaratory Judgment Act, 28 U.S.C. § 2201. While the Declaratory Judgment Act does not, by itself, confer jurisdiction in federal courts, "[f]ederal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question." *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 19 (1983). *See also Ameritech Benefit Plan Comm. v. Comm. Workers of Am.*, 220 F.3d 814, 818 (7th Cir. 2000), *reh'g and reh'g en banc denied*. In this case, BorgWarner has alleged that Defendants threatened coercive action. *Comp.*, ¶¶ 14-15. Moreover, a proposed class of retirees has in fact filed suit seeking to recover benefits and

---

[2] Although the Court need not decide the question of whether BorgWarner would qualify as a fiduciary under this subsection, the Court does note that when an employer acts to terminate or amend an ERISA plan, the employer is not acting as a fiduciary. *See Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996).

for declaratory relief to clarify their rights under the ERISA plan. *See* Michigan Comp., ¶¶ 3, 33-39. Thus, under the Declaratory Judgment Act it would appear that the Court does have jurisdiction over this case.

This finding notwithstanding, Defendants question whether the Declaratory Judgment Act would be applicable to the circumstances of this case where BorgWarner cannot independently bring this action under ERISA. There appear to be scant appellate decisions on the matter, and no binding precedent in the Seventh Circuit that has squarely addressed the issue. The only Seventh Circuit case that the Court found to mention this issue is *Massey-Ferguson Division of Varity Corp. v. Gurley*, 51 F.3d 102 (7th Cir. 1995). Defendants contend that *Massey-Ferguson* supports their argument. Mem. in Supp. of Mot. to Dismiss at 5. However, while that opinion expressed some concerns about the district court's jurisdiction, it did so in *dicta* without any elaboration. Moreover, the Seventh Circuit ultimately concluded that defects in its own appellate jurisdiction prevented it from determining the extent of the district court's jurisdiction. *See Massey-Ferguson*, 51 F.3d at 104. Specifically, the district court in that case had not entered a final appealable order and had not authorized an interlocutory appeal. *See id.* at 104-05. *Massey-Ferguson* therefore provides little assistance in resolving the issue before the Court.

The appellate cases from other circuits that have squarely addressed the issue are split. Defendants urge the Court to follow the approach taken by the Eleventh Circuit in *Arnold*.[3] The

---

[3] Defendants boldly suggest that the Seventh Circuit adopted *Arnold*'s rationale in *Massey-Ferguson*. A review of *Massey-Ferguson*, however, reveals that this is a mischaracterization. The *Massey-Ferguson* opinion merely cited *Arnold* with regard to its discussion that the employer there was not acting to "enforce" anything, a requirement as discussed above under § 502(a)(3)(B)(ii) of ERISA. *See Massey-Ferguson*, 51 F.3d at 103. Contrary to Defendant's implication, *Massey-Ferguson* did not include any discussion of the Declaratory Judgment Act.

Court, however, finds that case distinguishable. *Arnold* involved a question of *personal* as opposed to *subject matter* jurisdiction, and addressed whether a fiduciary could invoke ERISA's liberal venue provision. *Arnold*, 809 F.2d at 1522. The Eleventh Circuit concluded that this provision was unavailable to the fiduciary because the fiduciary could not bring a claim directly under ERISA. *Id.* at 1523-24. *Arnold* does not directly address the question of subject matter jurisdiction, nor does it examine the well-established practice regarding the jurisdictional source for declaratory judgment actions, *i.e.*, whether a declaratory judgment defendant could bring a coercive action to enforce its rights. *See Franchise Tax Bd.*, 463 U.S. at 19; *Ameritech Benefit Plan Comm.*, 220 F.3d at 818. Therefore, the Court is not persuaded by Defendants' argument that *Arnold* resolves the issue here.

In contrast, the Court finds *Prudential Ins. Co. of Am. v. Doe*, 76 F.3d 206 (8th Cir. 1996), and *Transamerica Occidental Life Ins. Co. v. DiGregorio*, 811 F.2d 1249 (9th Cir. 1987), more persuasive. The Eighth Circuit concluded in *Doe* that although there was nothing in ERISA that authorized the plaintiff to bring a declaratory judgment action to interpret a policy, the Declaratory Judgment Act provided jurisdiction because Doe could have asserted a claim in federal court. *See Doe*, 76 F.3d at 210. The Ninth Circuit reached the same conclusion in *DiGregorio* where the plaintiff sought clarification of its obligations under an insurance policy included in an ERISA plan. *See DiGregorio*, 811 F.2d at 1253.[4] The conclusions in both of these cases are consistent with the practice noted by the Supreme Court and followed in the Seventh Circuit that jurisdiction for declaratory judgment suits is available where a declaratory judgment defendant could bring a

---

[4] While the Ninth Circuit concluded that the district court did have subject matter jurisdiction, it went on to address whether the district court abused its discretion to abstain from exercising that discretion. *DiGregorio*, 811 F.2d at 1253-55. Based on the circumstances in that case, it ultimately found that abstention was permissible. *Id.* at 1255.

coercive action to enforce its rights and the coercive action presents a substantial question of federal law. *See Franchise Tax Bd.*, 463 U.S. at 19; *Ameritech Benefit Plan Comm.*, 220 F.3d at 818; *Reynolds v. Stahr*, 758 F. Supp. 1276, 1281 (W.D. Wis. 1991); *Bowe Bell + Howell Co. v. IMMCO Employee's Ass'n*, No. 03 C 8010, 2004 WL 1244143, *4-5 (N.D. Ill. June 2, 2004). Based on these cases, the Court finds that it does have subject matter jurisdiction over this case.[5]

As a final matter, the parties disagree on the applicability of *Franchise Tax Board* to the facts of this case. Having reviewed that decision and the cases that discuss it, the Court concludes that the holding in *Franchise Tax Board* does not bar all declaratory judgment actions that arise under ERISA. Although the Supreme Court in *Franchise Tax Board* found that the plaintiff had no direct cause under the jurisdictional section of ERISA, it nevertheless engaged in extensive analysis concerning whether jurisdiction was available under the Declaratory Judgment Act. *Franchise Tax Bd.*, 463 U.S. at 19, 25. The Supreme Court ultimately concluded that jurisdiction was not proper in that case because the underlying cause of action was grounded on state law, not ERISA. *See id.* at 28. Therefore, because this Court has concluded that Defendants' coercive action clearly presents a federal question, *Franchise Tax Board* does not bar subject matter jurisdiction in this case. The Court rejects Defendants' arguments to the contrary.

---

[5] Both *Reynolds* and *Bowe Bell + Howell Co.* squarely addressed the issue in this case. In addition, *Ameritech Benefit Plan Comm.* lends support to the Court's conclusion. There, the Seventh Circuit concluded that subject matter jurisdiction existed over the plaintiff's Title VII and Equal Pay Act claims notwithstanding the fact that neither statute provided for suits by an employer against whom discrimination is alleged. *See Ameritech Benefit Plan Comm.*, 220 F.3d at 818-19. The Seventh Circuit's conclusion was based on the Declaratory Judgment Act. *See id.*

### B. ABSTENTION

Defendants next request that the Court abstain from exercising jurisdiction over this case so that the retirees' claims can be adjudicated in the Michigan case. Mem. in Supp. of Mot. to Dismiss at 8-22. Defendants present three reasons in support their argument, which the Court summarizes as follows: (1) BorgWarner's filing of this suit was a pre-emptive strike to secure a more favorable forum; (2) there are practical difficulties with maintaining a defendant class in this case because the retirees will simply opt out in favor of the Michigan case, which is "further along than this case" according to Defendants; and (3) there is no jurisdiction over the ERISA claim and the Michigan case is "broader in scope." Though Defendants spend the bulk of their briefs arguing these three points, the Court finds that it needs substantially less space to dispose of them.

Generally, when mirror-image suits are filed in two districts, federal courts give priority to the first case filed. *See Nat. Gas Pipeline Co. of Am. v. Union Pac. Res. Co.*, 750 F. Supp. 311, 313 (N.D. Ill. 1990). However, the Seventh Circuit has never rigidly applied the "first in time" rule. *See*, *e.g.*, *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624 (7th Cir. 1995); *Temco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746 (7th Cir. 1987). Indeed, because the issuance of a declaratory judgment is discretionary, the Seventh Circuit has found that a declaratory judgment action "aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed." *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d. 425, 431 (7th Cir. 1993) (citing *Tempco Elec. Heater Corp.*, 819 at 749-50). In this case, however, the Court is unable to conclude that BorgWarner has engaged in the "procedural fencing" that Defendants accuse it of having undertaken. BorgWarner filed this suit on January 13, 2006. A month later, Defendants filed notice that the parties had agreed that Defendants could have up until March 21, 2006, to respond to the

Complaint.[6]  The retirees then waited an additional two weeks to file their Complaint in the Michigan case on February 27, 2006.  Given the retirees' delay in filing suit; the immediate pressure allegedly being exerted against BorgWarner by Defendants; and BorgWarner's contentions regarding the vast number of contacts with and alleged interests of this State (*e.g.*, the plant where the retirees worked is in Indiana, the vast majority of the proposed class of retirees reside in Indiana, the Union is located in Indiana, the CBAs were negotiated in Indiana, and the ERISA plan is administered in Indiana), the Court is unable to conclude that BorgWarner's action is "aimed solely at wresting the choice of forum from the 'natural' plaintiff."  The Court therefore rejects Defendants' first argument as to why this Court should abstain from exercising its jurisdiction.

The Court declines to entertain Defendants' second argument at this time.  Whether or not a defendant class can be maintained would be better addressed by a ruling on the Motion for Defendant Class Certification.  That motion is still pending.  In fact, Defendants have not yet responded to it.  Moreover, the Court is not persuaded by Defendants' suggestion that abstention is proper because the Michigan case is "further along than this case."  Pending before the Eastern District of Michigan are a motion to transfer, which will not be heard until May 30, 2006, and a motion for class certification.  In this Court, the current motion to dismiss and a motion for class certification have been filed.  Thus, the Court cannot conclude from this scant information that the Michigan case is "further along."  In fact, the Court notes that the delays in this case, particularly the delay completing briefing on the motion for class certification, are in large part attributable to

---

[6] Technically, the notice applied only to Mr. Poor.  However, the Court notes that Defendants are represented by the same counsel and the Union did not otherwise file a timely response.  Therefore, the Court will construe the notice as applying to both defendants.

Defendants' actions. Based on these circumstances, the Court rejects Defendants' second argument for abstention.

Finally, the Court is not persuaded by Defendants' last argument regarding the Court's jurisdiction and the scope of this case. The Court has already concluded that it has subject matter jurisdiction over this case. In addition, the Court is unable to conclude that the Eastern District of Michigan is a more appropriate or convenient forum in which to litigate this matter. As BorgWarner alleges, and Defendants do not dispute, the vast majority of the proposed class of defendants reside in Indiana. Further, the CBAs were negotiated in Indiana and the incidents giving rise to the dispute occurred in Indiana. In addition, the Court notes that the Union is not a party to the Michigan case and the ability to bring them into that case is questionable. Finally, there is a possibility that the Michigan case will be transferred to this Court. In short, based on the current record, the Court finds abstention inappropriate.

### IV. CONCLUSION

For the foregoing reasons, Defendants', United Automobile, Aerospace, and Agricultural Implement Workers of America, Local No. 287 and Gerald Poor, Motion to Dismiss is **DENIED**.

IT IS SO ORDERED this 12th day of May, 2006.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Electronically distributed to:

Kim F. Ebert
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kim.ebert@ogletreedeakins.com

Kristin B. Keltner
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kristin.keltner@odnss.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Kenneth B. Siepman
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kenneth.siepman@odnss.com