**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **BORGWARNER DIVERSIFIED TRANSMISSION PRODUCTS, INC.,** ) ) ) | |
| **Plaintiff,** ) ) | |
| vs. ) ) | CAUSE NO. 1:06-cv-58-LJM-WTL |
| **UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENTS WORKERS OF AMERICA, LOCAL NO. 287, et al.,** ) ) ) ) ) | |
| **Defendants.** ) | |

**ENTRY ON MOTION TO BIFURCATE DISCOVERY**

This cause is before the Court on the Plaintiff's motion seeking to bifurcate discovery in this case and the defendants' response thereto. For the reasons set forth below, the motion is **DENIED**.

The Plaintiff in this case seeks a declaratory judgment that its changes to retiree health insurance benefits did not breach relevant collective bargaining agreements. In the instant motion, the Plaintiff seeks to bifurcate discovery to permit a short period of initial discovery that is limited to "core documents related to the ERISA and LMRA dispute before the Court," followed by summary judgment briefing on the issue of the meaning of the relevant provisions in the agreements. Additional discovery would be permitted only if the Court denies the initial motion(s) for summary judgment on the ground that the relevant provisions are ambiguous.

At first blush, the Plaintiff's proposal is appealing, it that it has the potential for both expediting the resolution of this matter and saving the parties substantial money by limiting discovery. However, those benefits will only come about if the Plaintiff is successful in its

initial motion for summary judgment. On the other hand, if the Plaintiff is not successful, the result will be a significant delay in the resolution of this case. More importantly, the Plaintiff's proposal could preclude the Defendants from obtaining evidence relevant to whether there is a latent ambiguity in the relevant provisions. The Plaintiff is correct that the meaning of the relevant agreements is a matter of law and that extrinsic evidence is relevant to that determination only if there is a patent or latent ambiguity in the language of the agreements; the Plaintiff also is correct that only objective, not "self-serving, subjective," evidence may be used to show that a latent ambiguity exists. However, the type of objective evidence that can be used to demonstrate a latent ambiguity is not as limited as the Plaintiff suggests. For example, in one of the cases cited by the Plaintiff, the court considered statements by the company's lead negotiator as relevant to the latent ambiguity analysis; while the court found the statements to be insufficient to demonstrate a latent ambiguity, it did not find that the statements did not constitute properly considered objective evidence. *See Cherry v. Auburn Gear, Inc.*, 441 F.3d 476, 484-85 (7th Cir. 2006).

Because the Plaintiff's proposal has the potential to prejudice the Defendants in their ability to respond to the Plaintiff's summary judgment motion, the Plaintiff's motion to bifurcate is denied. The Court will enter the defendants' proposed case management plan by separate order.

SO ORDERED: 07/10/2006

_____
Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Kim F. Ebert
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kim.ebert@ogletreedeakins.com

Kristin B. Keltner
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kristin.keltner@odnss.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Kenneth B. Siepman
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kenneth.siepman@odnss.com