UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| BORGWARNER DIVERSIFIED TRANSMISSION PRODUCTS, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-058-LJM-WTL |
| | ) | |
| UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL NO. 287; and GERALD POOR; WILLARD L. SLOAN; EUGENE J. WINNINGHAM; BOB L. BERTRAM; JAMES L. KELLEY; JIM BARRETT; LARRY BRADBURN; JAMES A. CLARK; JOHN W. FENNIMORE; EARL F. HERRON; RALPH K. SMITH; LARRY TERRELL; MAX VAN ULZEN; DORAN C. KENDALL; TERRY GARRIOTT; KEITH MOSES; DON HOBBS; JOHNNY MASSEY; and BOBBY GUESS, individually and as the representatives of a defendant class, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This cause is before the Court on cross motions for summary judgment filed by the parties (Docket Nos. 104 and 118).  Plaintiff, BorgWarner Diversified Transmission Products, Inc. ("BorgWarner"), filed its Complaint seeking declaratory relief under § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, and § 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185.  More specifically, BorgWarner seeks a declaration that it was permitted to amend its health insurance plans prior to the expiration of their term in order to reduce the level of benefits provided to retirees.  Defendants dispute that BorgWarner is entitled to

a declaration, and they seek dismissal of this suit.  This matter has been fully briefed and is now ripe for ruling.

For the reasons that follow, both motions are **DENIED**.

## I. BACKGROUND

On January 10, 2006, BorgWarner notified both its post-1989 retirees and representatives of the Union that it would be amending its ERISA plan to modify the retirees' medical plans.  The retirees were notified by mail and the representatives of the United Automobile, Aerospace, and Agricultural Implement Workers of America, Local No. 287 (the "Union"), were notified in-person. As stated in BorgWarner's Complaint, the Union accused BorgWarner of breaching its contractual obligations to the post-1989 retirees and threatened to file suit to enjoin BorgWarner from implementing the ERISA plan amendments.

BorgWarner then filed this suit on January 13, 2006.  Subsequently, a group of retirees, which consisted of some of the individual defendants in this suit, filed a "mirror image" suit on February 27, 2006, in the Eastern District of Michigan under the caption *Sloan v. BorgWarner Diversified Transmission Products, Inc.*, Cause No. 2:06-cv-10861-PDB-MKM.  That cause was later transferred to this Court and re-styled *Sloan v. BorgWarner Diversified Transmission Products, Inc*, Cause No. 1:06-cv-957-LJM-VSS, before the retirees voluntarily moved to dismiss it, leaving only the instant cause as a purported class action; however, BorgWarner has never moved to certify a defendant class in this lawsuit.

BorgWarner contends that it has a unilateral right to modify or terminate the ERISA plan as it pertains to the retirees under the terms of various Collective Bargaining Agreements.  Although

2

the parties go to great lengths to describe the various negotiations and agreements over the years, BorgWarner's position rests on a provision contained in a booklet that it released entitled "Borg-Warner Automotive Diversified Transmission Products Corporation, Muncie Plant & Local 287, UAW Insurance Highlights of the 1998 Contract Negotiations" ("1998 Highlights"). That provision states:

> Although Borg-Warner Automotive Diversified Transmission Products Corporation, Muncie Plant expects and intends to continue the Plan indefinitely, it reserves the right, subject to the terms of any existing Collective Bargaining Agreement, if any, between the Company and Union, to modify, amend, suspend or terminate the Plan or the Group of Policies in whole or in part, at any time, and for any reason by action of either its Board of Directors or a person designated by resolution of such Board of Directors.

Pl.'s Ex. L (1998 Highlights, p. 17).

Defendants dispute that the 1998 Highlights are a part of the agreements entered into between BorgWarner and the Union. They contend that there was never an agreement to permit BorgWarner to unilaterally change any of the parties' agreements during the terms of those agreements, which are not set to expire until April 2009. Defendants insist that any modification or change to the agreements can only take place after negotiations between BorgWarner and the Union.

## II. SUMMARY JUDGMENT STANDARD

Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, which provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

3

Summary judgment is the "put up or shut up" moment in a lawsuit. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003), *reh'g denied*.   Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials which "set forth specific facts showing that there is a genuine issue for trial."   Fed. R. Civ. P. 56(e).   A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).   The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists.   *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996), *cert. denied*, 520 U.S. 1116 (1997).   It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies.   *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).   When the moving party has met the standard of Rule 56, summary judgment is mandatory.   *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

In evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996), *cert. denied*, 519 U.S. 1109 (1997).   The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment.   Only factual disputes that might affect the outcome of

the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996), *cert. denied*, 519 U.S. 1115 (1997).

## III.  DISCUSSION

In opposition to BorgWarner's motion, Defendants reassert some of the same arguments from the motion to dismiss filed by the Union and defendant Gerald Poor regarding the propriety of entertaining a request for declaratory relief in this action. Specifically, Defendants argue that declaratory relief is inappropriate because most of the retirees have not been sued and have not consented to the Union's representation of them. Defendants further contend that any decision reached by the Court will not bind the absent retirees.

The Court is unpersuaded by Defendant's arguments on this point, and incorporates its decision on the motion to dismiss wherein the Court addressed some of the same arguments that Defendants now make. Further, although the issue of any preclusive effect of the Court's decision on absent retirees is one that the parties debate, it is not a debate that the Court must settle at this time. The question with which the Court is concerned is whether there is a controversy or dispute between the parties who are present that the Court can resolve. The Court is convinced that there is such a controversy or dispute. The individual defendants in this suit have contested BorgWarner's

assertion that it can unilaterally amend the agreements on health insurance provisions.  Specifically, some of the defendants are the same individuals who initiated the "mirror image" suit in Michigan, many of the defendants responded directly to the Complaint by filing Answers, and all of the individual defendants have joined in the Union's opposition and cross motion without reservation. Thus, any decision by this Court will end the dispute for the parties to this lawsuit.

Having addressed Defendants' preliminary objections, the Court turns to the cross motions for summary judgment.  The Court concludes that the key to resolving the dispute in this case is based on the 1998 Highlights.  However, there is a legitimate dispute concerning whether the 1998 Highlights are a part of the agreements between the parties.  Defendants, relying on an affidavit from the Union's President and various documents, assert that it was not.  In contrast, BorgWarner insists that the 1998 Highlights are a part of the agreement and contain the same reservation of rights clause contained in every prior Summary Plan Description.

Even if the Court agreed with BorgWarner, the Court concludes that there is a dispute over the meaning of the clause in light of the fact that the Health Insurance Agreements before 1998 specifically indicated that modifications or changes could only be implemented in accordance with the provision on modifications outlined in the accompanying Collective Bargaining Agreements. None of those agreements contains anything suggesting that BorgWarner could unilaterally alter health insurance benefits.  Instead, those agreements indicate that negotiation with and agreement from the Union was required.[1]

---

[1]  The Court notes that BorgWarner's back-up argument regarding its compliance with any notice provisions is also problematic.  If the notification provisions referenced by BorgWarner do apply, they strongly suggest that negotiation with and agreement from the Union are required before any modification or change or can take place.

Because there is a dispute between the parties regarding the terms of their agreements, as well as the meaning of those terms, the Court concludes that both motions of summary judgment must be, and therefore are, **DENIED**.

As a final matter, the Court notes that BorgWarner has moved to amend its Final Witness List (Docket No. 136). Defendants have not filed a response to the motion and the time for doing so has expired. Absent any argument to the contrary, the Court concludes that Defendants will not be prejudiced by permitting the amendment. Accordingly, BorgWarner's motion to amend its Final Witness List is **GRANTED**.

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that there are factual disputes that preclude the entry of summary judgment. Therefore, Plaintiff's Motion for Summary Judgment (Docket No. 104) and Defendants' Motion for Summary Judgment (Docket No. 118) are both **DENIED**.

In addition, Plaintiff's Motion to Amend Final Witness List (Docket No. 136) is **GRANTED**.

IT IS SO ORDERED this 31st day of March, 2008.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

7

**Electronically distributed to:**

Kim F. Ebert
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART
kim.ebert@ogletreedeakins.com

Kristin B. Keltner
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART
kristin.keltner@odnss.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Kenneth B. Siepman
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART
kenneth.siepman@odnss.com

**Distributed via U.S. Postal Service to:**

GERALD POOR
2800 W. Memorial Drive
Lot 207
Muncie, IN 47302

WILLARD L. SLOAN
2858 N. Sherman Dr.
Luddington, MI 49431

EUGENE J. WINNINGHAM
199 Webb Winningham
Jamestown, TN 38586

BOB L. BERTRAM
910 Guthrie Chapel
Burkesville, KY 42717

JAMES L. KELLEY
170 Maple Drive
Scottsville, KY 42164

JIM BARRETT
550 N. Meridian St.
Redkey, IN 47373

LARRY BRADBURN
1809 N. CR 397 E.
Muncie, IN 47303

JAMES A. CLARK
1409 Italiano Drive
Muncie, IN 47304

JOHN W. FENNIMORE
1532 N. CR 563 E.
Selma, IN 47383

EARL F. HERRON
809 N. 600 E.
Selma, IN 47383

RALPH K. SMITH
6550 W. 1070 N.
Gaston, IN 47342

LARRY TERRELL
4216 Maple Manor Parkway
Muncie, IN 47302

MAX VAN ULZEN
2026 S. Hackley St.
Muncie, IN 47302

DORAN C. KENDALL
3813 W. 11th St.
Muncie, IN 47302

TERRY GARRIOTT
408 N. CR 563
RR 2
Selma, IN 47383

KEITH MOSES
9660 N. CR 425 E.
Albany, IN 47320

DON HOBBS
1835 E. 21st St.
Muncie, IN 47302

JOHNNY MASSEY
6431 S. CR 700 W
Yorktown, IN 47396

BOBBY GUESS
1415 S. Brotherton St.
Muncie, IN 47302