UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BORGWARNER DIVERSIFIED TRANSMISSION PRODUCTS INC., Plaintiff, vs. UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL NO. 287; and GERALD POOR; WILLARD L. SLOAN; EUGENE J. WINNINGHAM; BOB L. BERTRAM; JAMES L. KELLEY; JIM BARRETT; LARRY BRADBURN; JAMES A. CLARK; JOHN W. FENNIMORE; EARL F. HERRON; RALPH K. SMITH; LARRY TERRELL; MAX VAN ULZEN; DORAN C. KENDALL; TERRY GARRIOTT; KEITH MOSES; DON HOBBS; JOHNNY MASSEY; and BOBBY GUESS; individually and as the representatives of the defendant class, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 1:06-cv-058-LJM-TAB |

**ORDER ON DEFENDANT UAW LOCAL 287'S MOTION
FOR JUDGMENT ON PARTIAL FINDINGS**

This matter is before the Court on defendant's, UAW Local 287 (the "Union"), Motion for Judgment on Partial Findings pursuant to Rule 52(c) of the Federal Rules of Civil Procedure ("Rule 52(c)"). Plaintiff, Borgwarner Diversified Transmission Products, Inc. ("DTP"), initiated this lawsuit as a class action under § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, and § 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, seeking a declaration that it was permitted to unilaterally amend its health insurance plans prior to the expiration of their term in order to reduce the level of benefits provided to retirees. The Union

filed this Motion after DTP rested its case in chief at a bench trial held before the Court on September 9, 2008. The Court has fully considered parties' arguments and, for the reasons discussed below, **GRANTS** Defendant's Motion for Judgment on Partial Findings.

## I. FINDINGS OF FACT

The facts as adduced by the Court at trial are these:

In 2006, DTP modified its ERISA health insurance plan to control health care costs. Pl.'s Tr. Exs. 1, 2; Testimony of Doug Owenby ("Owenby Test."). Specifically, the changes aligned retiree benefits with those of current employees by imposing monthly premiums, increasing annual deductibles, and increasing the co-pays for drugs. Pl.'s Tr. Exs. 1, 2; Owenby Test. The changes took effect at two different time periods: (1) on April 1, 2006, for those who retired after January 1, 1993, and (2) on October 1, 2006, for those who retired between October 27, 1989, and December 31, 1992. Pl.'s Tr. Ex. 3. The dispute between the parties stems from these changes, namely, whether the changes violated the parties' agreement with respect to health care benefits for retirees.

Since 1989, DTP and the Union have utilized three separate, concurrently running agreements as a part of their collective bargaining agreement: (1) a Labor Agreement, governing wages, hours, working conditions and work rules: (2) a Health Insurance Agreement ("HIA"), governing, among other things, health insurance benefits for active employees and retirees alike; and (3) a Pension agreement. Testimony of Richard Nuerge ("Nuerge Test.). The last HIA to be signed by the parties was the 1989 version ("1989 HIA"). Pl.'s Tr. Ex. 4; Nuerge Test. Although not signed, full text documents were prepared for the 1992 HIA and 1995 HIA after negotiation by the

2

parties.  Pl.'s Tr. Exs. 8, 10; Nuerge Test.  Nineteen hundred and ninety-five was that last year in which a full text HIA that contained all provisions of the agreement was prepared.  Nuerge Test.

> Article V, Section 6 of the 1989 HIA states:
>
> The Company and Union representatives shall have no power to add to or subtract from or modify any of the provisions of this Agreement or the Plan, nor to change or add to any benefit provided by said Agreement or Plan, nor to waive or fail to apply any requirement eligibility for a benefit under this Agreement or the Plan.

Pl.'s Tr. Ex. 4, at 6.  Article XII of the 1989 HIA states:

> During the term of this Agreement neither the Company nor the Union shall demand any change in this Agreement nor shall either party be required to bargain with respect to this Agreement, nor shall there be any strike or lockout or other exercise of economic force or threat thereof by either party hereto against the other party for the purpose of effecting or attempting to effect by use of some other demand or otherwise a change in or addition to any feature or provision of this Agreement[.]

Pl.'s Tr. Ex. 5, at 15.

The 1992 HIA and 1995 HIA contained identical provisions.  Pl.'s Tr. Exs. 8, at 4, 14; 10, at 4, 14.

The evidence reflected a practice between the parties to use the previous HIA as a template, and then to modify that HIA with any changes that were negotiated and agreed to at the negotiating table.  Testimony of Regis Trenda ("Trenda") ("Trenda Test."), Nuerge Test.  Thus, for the 1992 HIA, the parties used the 1989 HIA as a template, and modified or added to the 1989 HIA the provisions to which the parties' agreed at the bargaining table.  Trenda Test.; Nuerge Test.  Likewise, for the 1995 HIA, the parties used the 1992 HIA as a template, and then modified or added to the 1992 HIA the provisions to which parties agreed at the bargaining table.  Trenda Test.; Nuerge Test  The parties continued this process in subsequent negotiations in 1998, 2000, and 2005.  Trenda Test.; Nuerge Test.  Although the parties never reduced their agreements in 1998, 2000, and 2005, into a full text HIA, the parties used the 1995 HIA as a template and simply memorialized any

changes of the 1995 HIA made at the bargaining table. Owenby Test.

After the 1998 negotiations, DTP drafted the BorgWarner Automotive Diversified Transmission Products Corporation, Muncie Plant & Local 287, UAW Insurance Highlights of the 1998 Contract Negotiations (the "1998 Highlights"). Pl.'s Tr, Ex. 12, Testimony of Peter Kohler ("Kohler") ("Kohler Test."). The 1998 Highlights contained a reservation of rights clause that differs from the 1995 HIA. Pl.'s Tr. Exs. 10 & 12. It states:

> Although Borg-Warner Automotive Diversified Transmission Products Corporation, Muncie Plan expects and intends to continue the Plan indefinitely, it reserves the right, subject to the terms of any existing Collective Bargaining Agreement, if any, between the Company and Union, to modify, amend, suspend or terminate the Plan or the Group of Policies in whole or in part, at any time, and for any reason by action of either its Board of Directors or a person designated by resolution of such Board of Directors.

Pl.'s Tr. Ex. 12, at 17. Regis Trenda, former Corporate Counsel for DTP and drafter of this reservation of rights clause, did not intend to change the Company's rights with its language. Trenda Test. Likewise, Pete Kohler, former DTP Manager of Benefits & Office Services, who ordered his employees to draft the 1998 Highlights, did not intend for the 1998 Highlights to change the rights of the Company. Kohler Test.

The 2005 HIA is effective until April 2009. Pl.'s Tr. Exs. 17-19. Although not in writing, the terms of the 2005 HIA can be deciphered by examining the 1995 HIA, plus any changes made to the 1995 HIA during the 1998, 2000, and 2005 negotiations. The undisputed evidence demonstrates that DTP never proposed to modify the language in Article V, Section 6, or Article XII in either the 1998, the 2000, or the 2005 negotiations. Trenda Test.

## II. STANDARD

Rule 52(c) provides:

> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 52(c).

## III. DISCUSSION

Based upon the evidence presented in Plaintiff's case in chief, the Court finds that the Union is entitled to judgment on partial findings pursuant to Rule 52(c). The evidence clearly establishes that, as of 2006, when the changes to the retiree benefits were made, the parties had entered into the 2005 HIA. The 2005 HIA was created through the parties past practice of using a former HIA as a template, and then modifying or adding to the template to reflect the parties agreements at the bargaining table. Although the 2005 HIA is not signed and not in writing, "'a collective bargaining agreement is not dependent on the reduction to writing of the parties' intention to be bound,' . . . rather '[a]ll that is required is conduct manifesting an intention to abide and be bound by the terms of an agreement.'" *Bricklayers Local 21 of Ill. Apprenticeship & Training Program v. Banner Restoration, Inc.*, 385 F.3d 761, 766 (7th Cir. 2004) (quoting *Gariup v. Birchler Ceiling & Interior Co.,* 777 F.2d 370, 373 (7th Cir. 1985)).

Here, it is quite clear by the parties' conduct that they entered into the 2005 HIA, and therefore, the parties are bound by its terms. *See Banner Restoration*, 385 F.3d at 766. The 2005 HIA contained the same Article V, Section 6, and Article XII that the 1995 HIA contained. Pl.'s Tr. Ex. 10, at 4, 14. Those provisions prohibit DTP from unilaterally making changes to retiree

benefits during the contract period. *Id.* DTP relies on the reservation of rights clause contained in the 1998 Highlights, and argues that the 1998 Highlights was incorporated into the 1998 HIA, and carried forward to the 2000 HIA and 2005 HIA. The 1998 Highlights purports to allow DTP to make unilateral changes to retiree benefits subject only to the provisions of the "Collective Bargaining Agreement." Pl.'s Tr. Ex. 12. The critical issue, then, is whether the 1998 Highlights was incorporated into the 2005 HIA.

Ultimately, DTP cannot avoid the testimony of its own witnesses. Both Trenda and Kohler testified they did not believe the 1998 Highlights changed the rights of the Company. Trenda Test.; Kohler Test. Trenda, the drafter of the reservation of rights clause in the 1998 Highlights, testified that he did not intend the reservation of rights clause to change DTP's rights. Trenda Test. Without an intent on the part of DTP through Trenda to have the 1998 Highlights change DTP's rights, the Court cannot find the requisite intent of both DTP and the Union "to abide and be bound by the terms of [the 1998 Highlights]." *Banner Restoration*, 385 F.3d at 766 (citations omitted); *see Walker v. Martin* 887 N.E.2d 125, 135 (Ind. Ct. App. 2008).

Rather, the Court concludes that only the 2005 HIA governs the parties relationship with respect to retiree health insurance benefits. Article V, Section 6, and Article XII, make it clear that DTP could not unilaterally change the retirees' benefits during the contract period. Because the evidence establishes that the parties entered into a valid health insurance agreement, the 2005 HIA, and DTP unilaterally changed the retirees' benefits, DTP was in breach of the 2005 HIA and is not entitled to a declaratory judgment that its actions were lawful.

## IV. CONCLUSION

For the reasons stated hearing, Defendant's, UAW Local 287 (the "Union"), Motion for Judgment on Partial Findings is **GRANTED.**

IT IS SO ORDERED this 10th day of September, 2008.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Kim F. Ebert
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART
kim.ebert@ogletreedeakins.com

Robert Adam Hicks
MACEY SWANSON & ALLMAN
rhicks@maceylaw.com

Kristin B. Keltner
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART
kristin.keltner@odnss.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Kenneth B. Siepman
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART
kenneth.siepman@odnss.com

Jeffrey D. Sodko
International Union, UAW
8000 East Jefferson Avenue
Detroit, MI 48214

GERALD POOR
2800 W. Memorial Drive
Lot 207
Muncie, IN 47302

WILLARD L. SLOAN
2858 N. Sherman Dr.
Luddington, MI 49431

EUGENE J. WINNINGHAM
199 Webb Winningham
Jamestown, TN 38586

BOB L. BERTRAM
910 Guthrie Chapel
Burkesville, KY 42717

JAMES L. KELLEY
170 Maple Drive
Scottsville, KY 42164

JIM BARRETT
550 N. Meridian St.
Redkey, IN 47373

LARRY BRADBURN
1809 N. CR 397 E.
Muncie, IN 47303

JAMES A. CLARK
1409 Italiano Drive
Muncie, IN 47304

JOHN W. FENNIMORE
1532 N. CR 563 E.
Selma, IN 47383

EARL F. HERRON
809 N. 600 E.
Selma, IN 47383

RALPH K. SMITH
6550 W. 1070 N.
Gaston, IN 47342

LARRY TERRELL
4216 Maple Manor Parkway
Muncie, IN 47302

MAX VAN ULZEN
2026 S. Hackley St.
Muncie, IN 47302

DORAN C. KENDALL
3813 W. 11th St.
Muncie, IN 47302

TERRY GARRIOTT
408 N. CR 563
RR 2
Selma, IN 47383

KEITH MOSES
9660 N. CR 425 E.
Albany, IN 47320

DON HOBBS
1835 E. 21st St.
Muncie, IN 47302

JOHNNY MASSEY
6431 S. CR 700 W
Yorktown, IN 47396

BOBBY GUESS
1415 S. Brotherton St.
Muncie, IN 47302