UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BORGWARNER DIVERSIFIED ) <br> TRANSMISSION PRODUCTS, INC., ) <br>     Plaintiff, ) <br> ) <br>   vs. ) <br> ) <br> UNITED AUTOMOBILE, AEROSPACE, AND) <br> AGRICULTURAL IMPLEMENT WORKERS ) <br> OF AMERICA, LOCAL NO. 287; GERALD ) <br> POOR; WILLARD L. SLOAN; EUGENE J. ) <br> WINNINGHAM; ) <br> BOB L. BERTRAM; JAMES L. KELLEY; ) <br> JIM BARRETT; LARRY BRADBURN; ) <br> JAMES A. CLARK; JOHN W. FENNIMORE; ) <br> EARL F. HERRON; RALPH K. SMITH; ) <br> LARRY TERRELL; MAX VAN ULZEN; ) <br> DORAN C. KENDALL; TERRY GARRIOTT; ) <br> KEITH MOSES; DON HOBBS; ) <br> JOHNNY MASSEY; and BOBBY GUESS; ) <br> individually and as the representatives of the ) <br> defendant class, ) <br>     Defendants. ) | 1:06-cv-058-LJM-TAB |

## ORDER ON PLAINTIFF'S MOTION TO AMEND FINDINGS

This matter is before the Court on Plaintiff's, Borgwarner Diversified Transmission Products, Inc. ("DTP"), Motion to Amend Findings pursuant to Rule 52(b) of the Federal Rules of Civil Procedure ("Rule 52(b)"). Plaintiff initiated this lawsuit against Defendants, United Automobile, Aerospace, and Agricultural Implement Workers of America, Local No. 287, *et al* (the "Union"), as a class action under § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, and § 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. The Court

has fully considered the parties' arguments and, for the reasons discussed below, **DENIES** Plaintiff's Motion to Amend Findings.

## I. BACKGROUND

In 2006, DTP modified its ERISA health insurance plan to control health care costs. Tr. at 24-25. Specifically, the changes aligned retiree benefits with those of current employees by imposing monthly premiums, increasing annual deductibles, and increasing the co-pays for drugs. Pl.'s Tr. Exs. 1, 2. The changes took effect at two different time periods: (1) on April 1, 2006, for those who retired after January 1, 1993; and (2) on October 1, 2006, for those who retired between October 27, 1989, and December 31, 1992. Pl.'s Tr. Ex. 3. The dispute between the parties stems from these changes, namely, whether the changes violated the parties' agreements with respect to health care benefits for retirees.

In a trial before the Court on September 9 and 10, 2008, DTP sought a declaration that it was permitted to unilaterally amend its health insurance plans prior to the expiration of their term in order to reduce the level of benefits provided to retirees. DTP argued that the Court should first decide whether the agreements conferred vested lifetime benefits. Then, after that determination, the Court should decide whether Plaintiff had the right to unilaterally change the retirees' benefits under the collective bargaining agreements. At the end of Plaintiff's case in chief, the Court granted the Union's Motion for Judgment on Partial Findings pursuant to Rule 52(c) of the Federal Rules of Civil Procedure. The Court concluded that DTP did not have the right to unilaterally modify the retirees' health insurance benefits under the collective bargaining agreements. *See* Dkt. Nos. 184-85. Moreover, the Court declined to pass judgment on the lifetime benefits issue because the Court

concluded that the issue was not ripe for adjudication. Dkt. No. 185, at 9. DTP moves the Court to amend its findings of fact and conclusions of law to include a decision on the lifetime benefits issue.

## II. STANDARD

Rule 52(b) provides: "On a party's motion filed no later than [ten] days after the entry of judgment, the court may amend its findings–or make additional findings–and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). Motions made pursuant to Rule 52(b) are intended to correct manifest errors of law or fact or to present newly discovered evidence. *See*, *e.g.*, *Am. Train Dispatchers Ass'n v. Norfolk & W. Ry. Co.*, 627 F. Supp. 941, 947 (N.D. Ind. 1985). Rule 52(b) is not a vehicle to obtain a rehearing or to relitigate old matters. *Id.*

## III. DISCUSSION

DTP cites several Seventh Circuit opinions in an effort to demonstrate that the Court committed manifest error. However, the Court concludes that, given the facts of this case, none of the cases cited by DTP requires the Court to consider the lifetime benefits issue.

DTP relies heavily on *Bidlack v. Wheelabrator Corp.*, 993 F.2d 603 (7th Cir. 1993) (en banc). In *Bidlack*, the union brought a class action on behalf of retired employees in which it argued that the parties' collective bargaining agreements conferred lifetime benefits. *Id.* at 604. The collective bargaining agreements had already expired and the plant at which the retirees formerly worked had closed. *Id.* The Union argued that the agreements provided lifetime benefits to retirees. *Id.* Ultimately, the court held that a genuine issue of material fact existed on whether or not the agreements conferred lifetime benefits. *Id.* at 609-10. The dissent argued that the court should not

have considered the broader issue of lifetime benefits, but rather, that the court should have only considered whether the collective bargaining agreements required the company to maintain the retirees' health insurance benefits at levels provided to active employees. *Id.* at 614-15 (Easterbrook, J., dissenting). The dissent described the majority's opinion as "largely advisory." *Id.* In response, the majority reasoned that unless the retirees' rights were vested "the company can cut them off tomorrow" because the collective bargaining agreements at issue had expired. *Id.* at 610. "If they have no contractual guarantee of benefits, they had better start shopping around for other medical insurance." *Id.*

      The facts presented to the Court in this case provide an entirely different scenario. First, the Court concluded that the retirees have a contractual guarantee of benefits such that DTP cannot cut them off tomorrow. Dkt. Nos. 184-85. Second, DTP, and not the Union, asked the Court to determine the lifetime benefits issue, unlike in *Bidlack*, where the Union sought a declaration of their rights. *Id.* At the heart of *Bidlack*, the court was concerned that the Company could end the benefits to retirees immediately. Because the retirees sought a decision on whether the collective bargaining agreements conferred lifetime benefits, the retirees could not get a "full satisfaction of their claim" if the Seventh Circuit limited its review to whether or not the retirees should receive the same level of benefits as active employees under the agreements. *Id.* Conversely, here the Union received a "full satisfaction of their claim" because the Court concluded the retirees had a contractual guarantee of benefits under the current collective bargaining agreements. Dkt. Nos. 184-85. There is no concern that DPT will cut the retirees' benefits tomorrow because the collective bargaining agreements dictate that they must provide the retirees benefits until the agreements expire. *Id.* Although DTP alleges that it will end all benefits to the retirees when the current agreements expire,

the parties still have time to negotiate without fear that DTP will cut the retirees' benefits at any time. Therefore, *Bidlack* does not require the Court to decide the lifetime benefits issue.

In *Diehl v. Twin Disc, Inc.*, 102 F.3d 301 (7th Cir. 1996), another case cited by DTP, the plant closed and the union and the company negotiated a shutdown agreement. The shutdown agreement provided that retirees would be entitled to the health insurance benefits identified in prior insurance agreements "for the lifetime of the pensioner." *Id.* at 302-03. The *Diehl* court acknowledged that it could limit its review to the legitimacy of any modification under the shutdown agreement but, following *Bidlack*, it decided to answer the lifetime benefits question. *Id.* at 305-06. However, as in *Bidlack*, in *Diehl* it was the union that pressed the court to decide whether or not the collective bargaining agreements conferred lifetime benefits, unlike the present case, where DTP pressed the issue. *Id.*; *Bidlack*, 993 F.2d 604. Here, the Union has consistently sought a ruling only on the validity of DTP's unilateral change to the retirees' benefits under the collective bargaining agreements. Therefore, *Diehl* does not require the Court to consider the lifetime benefits issue.

The Court concludes that the lifetime benefits issue is not properly before the Court because the retirees have a contractual guarantee of benefits until the current collective bargaining agreements expire and the retirees do not seek a declaration of their rights to lifetime benefits. Those facts distinguish the present case from *Bidlack*, *Diehl*, and the other cases cited by Plaintiff. *See Barnett v. Ameren Corp.*, 436 F.3d 830, 831 (7th Cir. 2006); *Int'l Union of Unit. Auto., Aero. & Agric. Implement Workers of Am., U.A.W. v. Rockford Powertrain, Inc.*, 350 F.3d 698, 700, 702 (7th Cir. 2003). As a result, the retirees have received a "full satisfaction of their claim." *Bidlack*, 993 F.2d at 610.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's, Borgwarner Diversified Transmission Products, Inc., Motion to Amend Findings is **DENIED**.

IT IS SO ORDERED this 24th day of October, 2008.

```
                            LARRY J. McKINNEY, JUDGE
                            United States District Court
                            Southern District of Indiana
```

Distributed electronically to:

Kim F. Ebert
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kim.ebert@ogletreedeakins.com

Kristin B. Keltner
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kristin.keltner@odnss.com

Kenneth B. Siepman
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kenneth.siepman@odnss.com

Robert Adam Hicks
MACEY SWANSON & ALLMAN
rhicks@maceylaw.com

Barry A. Macey
MACEY SWANSON & ALLMAN
bmacey@maceylaw.com

Distributed via U.S. Postal Service to:

Jeffrey D. Sodko
INTERNATIONAL UNION, UAW
8000 East Jefferson Avenue
Detroit, MI 48214

GERALD POOR
2800 W. Memorial Drive
Lot 207
Muncie, IN 47302

WILLARD L. SLOAN
2858 N. Sherman Dr.
Luddington, MI 49431

EUGENE J. WINNINGHAM
199 Webb Winningham
Jamestown, TN 38586

BOB L. BERTRAM
910 Guthrie Chapel
Burkesville, KY 42717

JAMES L. KELLEY
170 Maple Drive
Scottsville, KY 42164

JIM BARRETT
550 N. Meridian St.
Redkey, IN 47373

LARRY BRADBURN
1809 N. CR 397 E.
Muncie, IN 47303

JAMES A. CLARK
1409 Italiano Drive
Muncie, IN 47304

JOHN W. FENNIMORE
1532 N. CR 563 E.
Selma, IN 47383

EARL F. HERRON
809 N. 600 E.
Selma, IN 47383

RALPH K. SMITH
6550 W. 1070 N.
Gaston, IN 47342

LARRY TERRELL
4216 Maple Manor Parkway
Muncie, IN 47302

MAX VAN ULZEN
2026 S. Hackley St.
Muncie, IN 47302

DORAN C. KENDALL
3813 W. 11th St.
Muncie, IN 47302

TERRY GARRIOTT
408 N. CR 563
RR 2
Selma, IN 47383

KEITH MOSES
9660 N. CR 425 E.
Albany, IN 47320

DON HOBBS
1835 E. 21st St.
Muncie, IN 47302

JOHNNY MASSEY
6431 S. CR 700 W
Yorktown, IN 47396

BOBBY GUESS
1415 S. Brotherton St.
Muncie, IN 47302